Clerk's Office
Filed Date: 10/20/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ADA OPARAJI,

                      Plaintiff,

            v.

ABN AMRO MORTGAGE GROUP, INC.,
CITIBANK, N.A., d/b/a CITI MORTGAGE,
INC., RICHARD M. BABECK, and TERRY
JOHNSON,

                      Defendants.

---------------------------------------------------------------

**ORDER**
19-CV-1650 (MKB) (RML)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Ada Oparaji commenced the above-captioned action against Defendants ABN Amro Mortgage Group, Inc. ("ABN"); Citibank, N.A., doing business as Citi Mortgage, Inc. ("Citibank"); Richard M. Babeck; and Terry Johnson on March 22, 2019. (Compl., Docket Entry No. 1.) Plaintiff alleged state law claims for negligent misrepresentation, breach of contract, breach of fiduciary duty, fraud, unjust enrichment, intentional infliction of emotional distress, and intentional interference with contractual relations, as well as federal claims pursuant to 41 U.S.C. § 1981; the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5301 *et seq.*; and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* (Second Am. Compl. 4, Docket Entry No. 32.) On August 1, 2019, Plaintiff moved for default judgment against ABN, Citibank, and Johnson. (Pl.'s Mot. for Default J., Docket Entry No. 34.) The Court denied Plaintiff's motion on August 8, 2019, in part because the Clerk of Court had not entered default against any Defendants. (Order dated Aug. 8, 2019.) Plaintiff requested a certificate of default against Babeck on August 14, 2019. (Pl.'s Mot. for Default J. against Babeck, Docket Entry No. 45.) The Clerk of Court denied Plaintiff's request because Plaintiff

did not adequately demonstrate service of the Summons and Complaint on Babeck and did not attempt service of her Second Amended Complaint. (Order dated Aug. 14, 2019.) On November 4, 2019, ABN, Citibank, and Johnson filed a fully briefed motion to dismiss. (Defs.' Mot. to Dismiss, Docket Entry No. 50.) On September 22, 2020, the Court issued a Memorandum and Order dismissing claims against ABN, Citibank, and Johnson, but not dismissing Plaintiff's claims against Babeck. (Mem. and Order dated Sept. 22, 2020, Docket Entry No. 59.)

A copy of the Court's Memorandum and Order was sent to Plaintiff on September 22, 2020 and was returned as not deliverable on October 8, 2020. (*See* Notice of Mail Returned, Docket Entry No. 60.) Plaintiff took no further action and has failed to provide the Court with an updated mailing address. By report and recommendation dated July 13, 2021, Judge Robert M. Levy *sua sponte* recommended that Plaintiff's claims against Defendant Richard Babeck be dismissed for lack of prosecution (the "R&R"). (R&R 1, Docket Entry No. 61.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any

purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R and dismisses Plaintiff's claims against Defendant Babeck for lack of prosecution. The Clerk of Court is directed to close this case.

Dated: October 19, 2021
      Brooklyn, New York

                                    SO ORDERED:

                                      _____s/ MKB_____
                                      MARGO K. BRODIE
                                      United States District Judge